UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH ESPARZA,

            Plaintiff,

  v.

ALLSTATE FIRE AND CASUALTY INSURANCE CO.,

            Defendant.

Case No. C21-5130-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on two motions by Defendant Allstate Fire & Casualty Insurance Company ("Allstate") for partial summary judgment. On June 22, 2021, Allstate filed a motion for partial summary judgment dismissing Plaintiff Joseph Esparza's claims for future wage loss. (Def.'s Mot. (Dkt. # 14).) Mr. Esparza filed a response (Resp. (dkt. # 16)), Allstate filed a reply (Reply (dkt. # 19)), and the Court held oral argument on August 19, 2021 (dkt. # 21). On September 8, 2021, Allstate filed a second motion for partial summary judgment, essentially contending their arguments on future wage loss applied equally to any claims for loss of future earning capacity. (Def.'s 2nd Mot. (dkt. # 23).) Mr. Esparza filed a response (2nd Resp. (dkt. # 26)), Allstate filed a reply (2nd Reply (dkt # 28)), and the Court held oral argument

ORDER - 1

(dkt. # 29). Having considered the parties' submissions, oral argument, the balance of the record, and the governing law, the Court GRANTS Allstate's motions.

## II.     BACKGROUND

Mr. Esparza has worked as a pile driver since approximately 1995 or 1996. (Esparza Dep. (dkt. # 22 at 9-201) at 18:16-17.) He worked in California primarily on tasks on land. (*Id.* at 20:4-5.) Mr. Esparza moved to Washington in 2012, continuing his work as a pile driver, however, his work has primarily involved working on the water. (*Id.* at 21:5-8.) On February 17, 2017, Mr. Esparza was injured in a collision with an underinsured motorist. (Compl. (Dkt. # 1-2) at ¶ 3.1.) According to Mr. Esparza, he stopped physically pile driving after the collision. (Esparza Dep. at 28:1-25.) He now works on the layout for locations for driving piles and other preliminary measures. (*Id.* at 28:2-4.) Mr. Esparza believes his limited work on projects will not be sustainable for employment in the future. (*Id.* at 37:23-25; 38:9-15.) Mr. Esparza will no longer work on the water because he is afraid he could not "self-rescue" if he fell into the water. (*Id.* at 156:10-14; 158:25-159:6.)

With regard to Mr. Esparza's earnings prior to his collision, in 2014 and 2015, he made approximately $95,000 per year. (Esparza Dep. at 162:9-10.) In 2016, Mr. Esparza earned $86,000, and in 2017, he made $83,000. (*Id.* at 162:10-11.) After the collision, in 2018, 2019, and 2020, Mr. Esparza made approximately $100,000 each year. (*Id.* at 163:8-16.)

Mr. Esparza alleges that after filing a claim with Allstate pursuant to his insurance coverage, Allstate refused to make a fair and reasonable offer to compensate him for future wage loss under his coverage. (Compl. at ¶ 10.1.) In support of his claims, Mr. Esparza submitted reports from 2020 by Virtaj Singh, M.D., (dkt. # 15, Ex. 2) and Merrill Cohen, vocational rehabilitation counselor (*id.*, Ex. 3). Dr. Singh expressed "concern" about Mr. Esparza's "ability

ORDER - 2

to continue working at his current level." (*Id.*, Ex. 2 at 5.) Ms. Cohen opined Mr. Esparza "cannot perform all of the duties associated with his trade." (*Id.*, Ex. 3 at 7.) Based on Mr. Esparza's report of receiving "informal accommodations" at work, Ms. Cohen also opined that there is "no guarantee" that Mr. Esparza will continue to receive assistance at work or informal job modifications. (*Id.*)

Mr. Esparza initiated this action in Pierce County Superior Court in January 2021. (*See generally* Compl.) Allstate removed this matter to this Court on February 22, 2021. (Not. of Removal (Dkt. # 1).) The instant motions are for partial summary judgment regarding Mr. Esparza's alleged future wage loss and loss of earning capacity.

### III.   DISCUSSION

**A.   Motion for Summary Judgment**

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the Court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden at trial. *Nissan Fire & Marine Ins. Co., Ltd. V. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v.*

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id.* at 585-87.

Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 257. The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient[]" to defeat summary judgment. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). In addition, it is the nonmoving party's responsibility to "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoted source omitted). The Court need not "scour the record in search of a genuine issue of triable fact." *Id.* (quoted source omitted); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

The court may only consider admissible evidence when ruling on a motion for summary judgment. *Orr v. Bank of Am.*, *NT & SA*, 285 F.3d 764, 773-75 (9th Cir. 2002). "Conclusory allegations unsupported by factual data cannot defeat summary judgment." *Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003).

### B. Loss of Future Wages or Earning Capacity

Mr. Esparza contends future "loss of earnings and loss of earning capacity are separate claims for damages." (2nd Resp. at 5.) "[I]f an injury renders a plaintiff temporarily unable to continue at a prior occupation for a given period, the plaintiff should be entitled to compensation for regular wages lost because of the disability. Secondly, when it becomes apparent that an injury was such that it occasioned a permanent disability, or permanent diminution of the ability

to earn money, then the plaintiff should be entitled to compensation for what is generally called 'impaired earning capacity.'" *Kubista v. Romaine*, 14 Wn. App. 58, 62–63 (1975), *aff'd*, 87 Wn.2d 62 (1976). Here, Mr. Esparza claims he has suffered a permanent injury and argues he is therefore entitled to have a jury consider his claims of future earning capacity loss. (2nd Resp. at 6-7.)

Allstate contends that, whether or not Mr. Esparza has a temporary or permanent injury, he has submitted no competent evidence to show any future loss of earnings or earning capacity. (Def.'s Mot. at 4-5; *see also* Def's 2nd Mot. at 5.) Allstate contends the evidence submitted shows Mr. Esparza has continued to work in a full-time capacity and, in each of the three full calendar years since the accident, has earned higher wages than before the accident. (Mot. at 5.) Mr. Esparza argues evidence of past loss of earnings or wages is not necessary to show future loss of earnings or earning capacity and that his own testimony may establish future loss of earning capacity. (Resp. at 5-6 (citing *Bitzan v. Parisi*, 88 Wn.2d 116, 121-22 (1977)); 2nd Resp. at 6.)

In order to put the question of lost earning capacity before a jury, "the evidence must show with reasonable certainty that the injured party has suffered an impairment in his ability to make a living . . . . [T]he showing that must be made is that the injury suffered by the plaintiff is an injury that, in fact, has diminished the ability of the plaintiff to earn money." *Bartlett v. Hantover*, 9 Wn. App. 614, 619-20 (1973), *rev'd on other grounds*, 84 Wn.2d 426, 432-33 (1974).

Allstate first argues the reports by Dr. Singh and Ms. Cohen are unsworn expert reports, and therefore should not be considered by the Court. (Reply at 2.) Unsworn expert reports prepared in compliance with Federal Rule of Civil Procedure 26(a)(2) do not qualify as affidavits

ORDER - 5

or otherwise admissible evidence for purpose of Rule 56 and may be disregarded by the court when ruling on a motion for summary judgment. *See Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F.Supp.2d 1025, 1038-39 (N.D. Cal. 2011). Courts in the Ninth Circuit have routinely held that unsworn expert reports are inadmissible. *See, e.g.*, *Aecon Bldgs., Inc. v. Zurich N. Am.*, 572 F.Supp.2d 1227, 1237 (W.D. Wash. 2008); *Shuffle Master, Inc. v. MP Games LLC*, 553 F.Supp.2d 1202, 1210-11 (D. Nev. 2008) (citing various authorities and explaining that unsworn expert reports are not admissible to support or oppose summary judgment); *King Tuna, Inc. v. Anova Food, Inc.*, 2009 WL 650732 at *1 (C.D. Cal. 2009).

As the party opposing summary judgment, however, Mr. Esparza's evidence is held to a less exacting standard of admissibility than that of the moving party. *Competitive Techs., Inc. v. Fujitsu Ltd.*, 333 F.Supp.2d 858, 863 (N. D. Cal. 2004) (admitting signed but unsworn expert reports that otherwise met the requirements of Federal Rule of Civil Procedure ("Rule") 56(e), as prescribed by Rule 56(c)(4)). Here, the existence of the unsworn reports, although not presently in evidentiary form, suffices to alert the opposing party and the Court as to the "availability at the trial of the facts contained in [them]." *Competitive Techs.*, 333 F.Supp.2d at 864; *see also Wineland v. Air & Liquid Systems Corporation*, 523 F.Supp.3d 1245, 1249 n.2 (W.D. Wash. 2021).

Even considering the expert reports, however, the Court finds them to be speculative. Specifically, Dr. Singh only expressed a concern about Mr. Esparza's ability to continue working at his current level. Ms. Cohen only opined Mr. Esparza cannot perform all of the duties associated with his trade and that there is "no guarantee" that Mr. Esparza will continue to receive assistance at work or job modifications. Notably, Ms. Cohen's opinion runs contrary to the fact that Mr. Esparza has continued working at his trade for four years after the accident,

which is affirmative evidence negating Mr. Esparza's claims for loss of earning capacity. *See Nissan Fire*, 210 F.3d at 1102. The Court further notes that Ms. Cohen's opinion is based on Mr. Esparza's self-reports that he is concerned as to whether he will continue to receive assistance.

Allstate contends Mr. Esparza cannot rely on his own testimony to support his claims because it is speculative and contradictory, especially as he has earned higher wages since the collision. (Reply at 3-4.) Lay testimony on future damages may establish future loss of earnings or wages. *Bitzan*, 88 Wn.2d at 122. Speculative lay witness testimony, however, is insufficient to establish a genuine dispute of material fact in opposition to summary judgment. *See Coca-Cola Co. v. Overland, Inc.*, 692 F.2d 1250, 1255 (9th Cir. 1982) (holding that lay witness affidavits were "too speculative and insubstantial" to establish a genuine dispute of material fact). Here, Mr. Esparza has not offered competent evidence of loss of future earnings or earning capacity; he only testifies as to his belief or concern that he may not be able to work in the future. "To be competent, the evidence or proof of damages must be established by a reasonable basis and it must not subject the trier of fact to mere speculation or conjecture." *ESCA Corp. v. KPMG Peat Marwick*, 86 Wn. App. 628, 639 (Wash. App. Div. 1 1997).

Mr. Esparza cites *Sherman v. City of Seattle*, 57 Wn.2d 233, 245 (1960), for the proposition that a mere showing of physical injury is enough to present to a jury the question of lost earning capacity. In that case, however, a three-year-old child lost his arm. *Id.* at 245-46. The grievousness of the injury was itself evidence that the child's future earnings capacity was impaired. *See id.* at 245-46; *see also Riddel v. Lyon*, 124 Wash. 146, 150 (1923) (affirming where trial court instructed jury to compensate 71-year-old unemployed pedestrian injured in a car accident "for the impairment, *if any*, to his earning capacity in the future" (emphasis added)). *Bitzan*, a case cited by Mr. Esparza, is also distinguishable because the plaintiff's

testimony in that matter was supported by witnesses and established that he had to quit his job as a carpenter and made less in subsequent jobs selling television receivers and real estate. *Bitzan*, 88 Wn.2d at 119-20, 120, 122. Similarly, in *Stevens v. Gordon*, the plaintiff testified she "had to reduce the number of her clients, and that she expected to miss more appointments due to medical treatments." 118 Wn. App. 43, 56 (2003).

Here, on the other hand, where the evidence establishes no loss of earnings or earning capacity in the three full calendar years since the accident, the evidence Mr. Esparza offers to show loss of future earning capacity is too speculative and insubstantial to survive summary judgment. *See Coca-Cola Co.*, 692 F.2d at 1255. Although Mr. Esparza has presented testimony that he is concerned about his future employment, he has presented no evidence or testimony that due to his injury and inability to pile drive, he has been denied employment or has experienced any loss of earnings. The unsworn reports of Dr. Singh and Ms. Cohen are inadmissible evidence that the Court is permitted to disregard. However, even considering their reports, Mr. Esparza has not presented significant and probative evidence to support his claim of loss of future earning capacity. *See Intel Corp.*, 952 F.2d at 1558; *see also Triton Energy Corp.*, 68 F.3d at 1221 (a "scintilla of evidence" is not sufficient to defeat summary judgment).

Furthermore, Mr. Esparza had the opportunity to provide affidavits or declarations to support his claim that his future employment is at risk but failed to do so. At the oral argument held on August 19, 2021, the Court discussed with Mr. Esparza's counsel that, in response to Allstate's motion, Mr. Esparza could have provided a declaration from the union or his employer explaining that it would not be able to accommodate Mr. Esparza into the future or even an explanation as to why Mr. Esparza's income had increased after the accident. Mr. Esparza's counsel simply responded that the failure to provide such evidence was an error on

ORDER - 8

his part. The Court further inquired at the hearing as to whether Mr. Esparza himself had testified that he had lost employment opportunities as a result of his injuries. In response, Mr. Esparza's counsel filed a declaration citing excerpts from Mr. Esparza's deposition testimony wherein he testified he cannot do certain tasks as well. (Kim. Decl. (dkt. # 22) at 1-6.) In his deposition, Mr. Esparza does not explain why he made more money in the years since the accident despite the injury, nor is there sufficient support for the proposition that he will make less money in the future. (*Id.*) Ultimately, Mr. Esparza had the opportunity to provide affidavits or declarations to support his claim that his future employment is at risk but failed to do so.

Mr. Esparza was afforded a second opportunity to provide support for his claim that he will not be able to perform his job in the future or that he has lost earning capacity when Allstate filed its second motion for partial summary judgment. Mr. Esparza did not provide any additional support for his future wage claims. Instead, at oral argument, Mr. Esparza's counsel could only state she "would imagine" that at trial Mr. Esparza's treating medical providers would testify to permanent injuries. (*See* dkt. # 29.) Mr. Esparza has had ample opportunity to provide evidence, if any existed, to support his claim of future earning or earning capacity loss. He has not.

The moving party is entitled to summary judgment where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. Accordingly, Allstate is entitled to summary judgment on Mr. Esparza's future earnings and earning capacity loss claims.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's motions for summary judgment (dkt. ## 14, 23). Mr. Esparza's claims for future earning and earning capacity loss are DISMISSED with prejudice.

Dated this 19th day of October, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 10